IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN CORNELIUS FOWLER, § | |
|     Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:06-CV-610-Y |
| § | |
| COLE JETER, Warden, § | |
| FCI-Fort Worth, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. Nature of the Case

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. Parties

Petitioner John Cornelius Fowler, Reg. No. 04841-043, is a federal prisoner incarcerated in the Federal Corrections Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Cole Jeter is Warden of FCI-Fort Worth.

### C. Procedural History

In 1998, following a jury trial in the United States District Court for the Southern District of Mississippi, Jackson Division, Fowler was found guilty of one count of possession with intent

to distribute cocaine or cocaine base and one count of possession of a firearm in relation to a drug trafficking crime and was sentenced to a term of 235 months and a term of 60 months, respectively, the sentences to run consecutively . *See CM/ECF*, Criminal Docket for Case # 3:98-CR-53-TSL, docket entries for October 28, 1998 & December 22, 1998. The Fifth Circuit Court of Appeals affirmed Fowler's convictions and sentences on June 13, 2000. *Id.*, docket entry for June 13, 2000. Thereafter, Fowler filed a 28 U.S.C. § 2255 motion in the district court, which was denied on May 20, 2002. *Id.*, docket entries for August 3, 2001 & May 20, 2002. The Fifth Circuit Court of Appeals denied his certificate of appealability on February 28, 2004. On August 28, 2006, Fowler filed the instant petition under § 2241 in this district, where he is currently serving his sentences. The government has moved that the petition be regarded as a successive § 2255 motion and dismissed for lack of jurisdiction. (Resp't Motion to Dismiss at 1-5.)

D.  DISCUSSION

By this action, Fowler attacks his convictions on the basis that the district court did not start his trial within seventy days in violation of his right to a speedy trial. (Petition at 4; Pet'r Memorandum at 6-7.)

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Fowler v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is inadequate or ineffective to test the legality of his

detention. *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Fowler claims that he is entitled to seek § 2241 relief under the § 2255 savings clause based on the Supreme Court decision in *Zedner v. United States*, 126 S. Ct. 1976 (2006) (holding a defendant may not prospectively waive application of Speedy Trial Act). However, Fowler cites no authority that the Supreme Court has expressly declared that case to be retroactive to cases on collateral review, and none has been found. Fowler also argues that he is entitled to seek § 2241 relief because he is actually innocent of the crime for which he was tried and convicted for the following reasons: (1) the government failed to prove that he possessed crack cocaine for the 100-1 ratio; (2) the indictment did not charge the element of base cocaine; and (3) the jury verdict did not express whether the jury found him guilty of possession of crack cocaine or powder cocaine. (Pet'r Memorandum at 9.) Fowler's arguments do not demonstrate that he was convicted of a nonexistent offense.

Fowler is not entitled to use the savings clause of § 2255 to challenge his underlying convictions and sentences by petitioning under § 2241. Fowler has not made the showing required to invoke the savings clause of § 2255 as to the claim presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that the government's motion to dismiss Fowler's petition for writ of habeas corpus under § 2241 be GRANTED and that the action be DISMISSED for want of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 20, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 20, 2006,

to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 29, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE